UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER ALLRED,<br><br>                      Petitioner,<br>    v.<br><br>JEFFREY A UTTECHT,<br><br>                      Respondent. | Case No. C19-5687-RJB-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for October 25, 2019 |

Petitioner, who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 22, 2019. Dkts. 1, 7. The petition has not been served on the respondent. As discussed in more detail below, by order dated August 27, 2019, petitioner was given an opportunity to either (1) show cause why his petition should not be dismissed for failure to exhaust state court remedies, or (2) file an amended petition. Dkt. 8. In response, to the Court's order, petitioner filed a document entitled "Motion to Compel Information (Show Cause)" which argues petitioner is not required to exhaust his state judicial remedies and asks the Court "to order Respondent to present the Bill of Indictment by a Grand Jury causing the order to Petitioner's arrest and detainment in accordance with the 5th Amendment[.]" Dkt. 9.

The Court should dismiss the federal habeas petition without prejudice for failure to exhaust state judicial remedies. The Court should further deny petitioner's "Motion to Compel Information" as moot if the Court adopts the recommendation that the petition be dismissed.

REPORT AND RECOMMENDATION - 1

Also, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

BACKGROUND

Petitioner challenges his August 2016 conviction and sentence for Second Degree Rape, two counts of First Degree Incest, and Second Degree Incest. Dkt. 7. Petitioner seeks release from incarceration on the grounds that he is "illegally and unlawfully imprisoned as a result of the abrogation of my federally conferred Constitutional rights by the State of Washington and its willful defiance of the established procedures and processes set forth by the U.S. Constitution." *Id.*, at 5. Petitioner contends his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. *Id.*

Petitioner does not state that he has exhausted his state court remedies. *Id.* Petitioner indicates he filed a direct appeal on different grounds[1] than those raised in the instant petition and that his petition for review of those grounds was denied by the Washington State Supreme Court on October 31, 2018. Dkt. 8; Dkt. 7, at 2. Petitioner also indicates in his petition that he intends not to bring the claims raised in his federal habeas petition to the state courts—state courts would never have the opportunity to consider the habeas claims raised in his federal petition—and he contends the state courts lack jurisdiction over issues that are raised under the United States Constitution. Dkt. 7, at 5-12.

Petitioner states that he did not raise these issues raised in his petition on direct appeal to the highest state court having jurisdiction because "[t]he State of Washington does not have jurisdictional authority to decide on United States Constitution matters, which are outside it's

---

[1] Specifically, petitioner indicates he raised the following grounds on direct appeal: the state presented expert testimony on delayed disclosure, ineffective assistance of counsel, government and prosecutorial misconduct, and false accusations. Dkt. 7, at 2.

REPORT AND RECOMMENDATION - 2

1  [sic] jurisdictional or statutory governing limits." *Id.*, at 7-13. He also states he has not raised the
2  grounds raised in the instant petition in a post-conviction motion or petition for habeas corpus in
3  a state trial court. *Id.*, at 7-13. He further states that "[n]o grounds herein have been raised at the
4  state level, as the state has no jurisdictional authority over federal matters."[2] *Id.*, at 12.

5  By order dated August 27, 2019, the Court noted that petitioner's federal habeas petition—
6  on its face—was subject to dismissal due to a failure to exhaust state court remedies as petitioner
7  specifically indicated he had not raised the grounds raised in his petition to the state courts. Dkt.
8  8. The Court also noted that the petition indicated petitioner may have exhausted other claims but
9  that those claims were not raised as grounds in his federal habeas petition. *Id.* Petitioner was
10 advised that a state prisoner is required to exhaust all state court remedies, by fairly presenting
11 claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus.
12 *Id.*; 28 U.S.C. § 2254(b)(1). Petitioner was advised that to properly exhaust his federal claims, he
13 must finish "one complete round of the State's established appellate review process," up to the
14 highest state court with powers of discretionary review. *Id.*; *O'Sullivan v. Boerckel*, 526 U.S. 838,
15 845 (1999).

16 Accordingly, the Court directed petitioner to either (1) show cause why his petition
17 should not be dismissed without prejudice for failure to exhaust state court remedies or (2) to file
18 an amended petition including his exhausted grounds and either (a) delete his unexhausted
19 grounds from the amended petition if he did not intend to pursue them, or (b) request the Court
20 stay proceedings on his mixed habeas petition to allow him to present his unexhausted claims to

---

[2] The Court notes that in the box labeled item 13(a) of the petition the petitioner checked "yes" in response to the question of whether all grounds for relief raised in the petition have been presented to the highest state court having jurisdiction. Dkt. 7, at 12. The Court interprets this as a typographical or scrivenor's error -- petitioner makes clear in his explanation to the question that "**no grounds herein have been raised at the state level**, as the state has no jurisdictional authority over federal constitutional matters." *Id.* (emphasis added).

REPORT AND RECOMMENDATION - 3

1  the state courts. *Id.*; *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005) (When faced with a
2  mixed petition containing both exhausted and unexhausted claims a federal district court may
3  generally exercise one of three options: (1) dismiss the mixed petition without prejudice to allow
4  the petitioner to present his unexhausted claims to the state court and then return to federal court
5  to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the
6  petitioner to present his unexhausted claims to the state court and then return to federal court for
7  review of his perfected petition; or (3) allow the petitioner to delete the unexhausted claims and
8  to proceed with the exhausted claims.).

9  In response to the Court's order, petitioner filed a document entitled "Motion to Compel
10 Information (Show Cause)" which argues petitioner is not required to exhaust his state judicial
11 remedies and asks the Court "to order Respondent to present the Bill of Indictment by a Grand
12 Jury causing the order to Petitioner's arrest and detainment in accordance with the 5th
13 Amendment[.]" Dkt. 9. Petitioner's response fails to remedy the deficiencies in the petition noted
14 by the Court's order to show cause. *Id.* He largely re-iterate his jurisdictional arguments and ask
15 the court to consider the merits of his constitutional claims (that his federal constitutional rights
16 were violated because he was not charged in the state court by Grand Jury Indictment) without
17 requiring exhaustion. *Id.*

18                                              DISCUSSION

19 **A.     Habeas Petition – Failure to Exhaust State Court Remedies**

20 Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a
21 habeas petition when it is filed, and if it plainly appears from the petition and its attachments the
22 petitioner is not entitled to relief, the Court must dismiss the petition.

1   The Court concludes that petitioner's federal habeas petition should be dismissed without
2   prejudice for failure to exhaust state court remedies. Petitioner plainly acknowledges he has not
3   presented the claims raised in his petition to the highest state court and, as such, his petition is
4   not eligible for federal habeas review. Dkt. 7, at 1-12. Exhaustion of state court remedies is a
5   prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1) ("An
6   application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment
7   of a State court shall not be granted unless it appears that--(A) the applicant has exhausted the
8   remedies available in the courts of the State[.]").

9   Petitioner indicates that he does not intend to bring his claims to the state courts—state
10  courts would never have the opportunity to consider the habeas claims raised in his federal
11  petition—asserting that the state courts lack jurisdiction over issues that are raised under the
12  United States Constitution. Dkt. 7, at 5-12.

13  A state prisoner is required to exhaust all state court remedies, by fairly presenting claims
14  of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28
15  U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state
16  courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal*
17  rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because
18  "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526
19  U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must
20  finish "one complete round of the State's established appellate review process," up to the highest
21  state court with powers of discretionary review. *Id.*, at 845.

22  A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted.
23  *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to

REPORT AND RECOMMENDATION - 5

examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner contends he has not presented the grounds for relief raised in his federal habeas petition to the state courts because the state courts lack the "jurisdictional authority to decide on United States Constitution matters, which are outside [its] jurisdictional or statutory governing limits." Dkt. 7, at 5-12. This argument fails because 28 U.S.C. § 2254(d)(1) recognizes the jurisdiction of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated. Federal habeas relief is available to address where the state court's adjudication was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

As the petition plainly states, petitioner has not properly exhausted all the claims for relief raised in his federal habeas petition in the state courts. To the extent petitioner intends to argue that presentation of his claims to the state court would be futile because the state has enacted a constitution which conflicts with the federal constitution, this argument fails as state courts are "equally bound to guard and protect rights secured by the [federal] Constitution," *Ex parte Royall*, 117 U.S. 241, 251 (1886); *Duckworth v. Serrano*, 454 U.S. 1, 3–4 (1981). An exception to exhaustion is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. *Duckworth*, 454 U.S. at 3–4; 28 U.S.C. §2254(b)(1)(B).

Petitioner makes no showing that such an exception to the exhaustion requirement applies here. *See Roberts v. Arave*, 847 F.2d 528, 530 (9th Cir. 1988) (even if a petitioner believes it would be futile to argue his Constitutional claims to the state courts because he does not believe they would be successful, "the apparent futility of presenting claims to state courts does not constitute cause of procedural default."). Moreover, the fact that petitioner himself believes this to be a clear or obvious violation of the federal constitution does not excuse him from the exhaustion requirement. *See Duckworth*, 454 U.S. at 4 ("obvious constitutional errors, no less than obscure transgressions, are subject to the [exhaustion] requirements of §2254(b)[.]").

Petitioner plainly acknowledges he has not presented the claims raised in his petition to the highest state court and presents no colorable claim that an exception to the exhaustion requirement applies in his case. Moreover, according to petitioner, his petition for review on his direct appeal was denied by the Washington State Supreme Court on October 31, 2018, and, according to state court records, the mandate issued on November 21, 2018.[3] As such, it appears the one-year statute of limitations for seeking post-conviction collateral relief in state court has not yet run and that state remedies remain available. RCW 10.73.090; 28 U.S.C. § 2244(d).

---

[3] The Court takes judicial notice of Clark County Superior Court case *State v. Allred*, Case No. 493756, *located at* http://dw.courts.wa.gov (last accessed October 4, 2019), and the Washington Court of Appeals decision *State v. Allred*, 4 Wash.App.2d 1040, Not Reported in Pac. Rptr. (2018) (unpublished); *see also Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (court may take judicial notice of court filings and other matters of public record, as such documents "are not subject to reasonable dispute").

REPORT AND RECOMMENDATION - 7

Accordingly, petitioner is not eligible for federal habeas review.[4] [5] Dkt. 7, at 1-12; *see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted *at the time of filing*.") (emphasis added).

**B.      "Motion to Compel Information"**

In response to the Court's order to show cause petitioner filed a document entitled "Motion to Compel Information" which requests that the Court "order Respondent to present the Bill of Indictment of a Grand Jury causing the order of Petitioner's arrest and detainment, in accordance with the 5th Amendment of the United States Constitution" and to "proceed in a summary way" to decide the petition. Dkt. 9. Petitioner also argues that because a habeas petition is "an original action," and "not an appeal or a mechanism requesting the review of [his]

---

[4] The Court notes that several similar petitions by different petitioners presenting the same grounds for relief and offering the same explanation for failure to exhaust state judicial remedies have been considered and dismissed by this court prior to service, pursuant to Rule 4, based on petitioner's failure to exhaust state judicial remedies. *See, e.g., Duchow v. State of Washington*, Case No. 19-cv-687-RSL-MAT (W.D. Wash., June 14, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Wamba v. State of Washington*, Case No. 19-cv-661-TSZ-MAT (W.D. Wash., June 13, 2019) (dismissal without prejudice for failure to exhaust state court remedies); *Domingo v. State of Washington*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen v. State of Washington*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina v. State of Washington*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit).

[5] The Court also notes that it appears that petitioner's substantive constitutional claims also lack merit as it has long been settled that there is no denial of Federal Constitutional rights involved in the substitution of the prosecuting attorney's criminal information for the grand jury's indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information). This rule has been specifically applied to Washington's state practice of prosecution by information. *Gaines v. Washington,* 277 U.S. 81, 48 S.Ct. 468, 72 L.Ed. 793 (1928); *Jeffries v. Blodgett*, 5 F.3d 1180, 1188 (9th Cir. 1993); *and see Domingo*, Case No. 19-cv-659-MJP-BAT (W.D. Wash., June 18, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Nguyen*, Case No. 19-cv-5388-JCC-BAT (W.D. Wash., July 9, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit); *Urbina*, Case No. 19-cv-648-BJR-BAT (W.D. Wash., May 21, 2019) (dismissal for failure to exhaust state court remedies and because grounds raised in petition are without merit). However, the Court need not reach the merits of petitioner's claims as it is clear from the face of the petition that he has failed to exhaust his state court remedies.

judgment of conviction," that his right to habeas relief may not be conditioned upon the "exhaustion of any other remedy." *Id.*

As noted above, these arguments fail as the governing statute both (1) recognizes the authority of state courts to adjudicate whether the federal constitutional rights of a state criminal defendant were violated; and, (2) makes clear that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. §§ 2254(b)(1), (d)(1).

Accordingly, the Court should deny petitioner's "Motion to Compel Information" (Dkt. 9) as moot, if the Court adopts the recommendation that the petition be dismissed.

## CONCLUSION AND DEADLINE FOR OBJECTIONS

For the foregoing reasons, this Court recommends that petitioner's federal habeas petition (Dkt. 7), and this action, be **dismissed without prejudice for failure to exhaust state court remedies.** The Court further recommends petitioner's "Motion to Compel Information", (Dkt. 9) **be denied as moot** if the Court adopts the recommendation of dismissal of the petition. The Court may also repeat the offer for petitioner to exercise an option to: File an amended petition including his exhausted grounds and either (a) delete his unexhausted grounds from the amended petition if he does not intend to pursue them, or (b) request the Court stay proceedings on his mixed habeas petition to allow him to present his unexhausted claims to the state courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005) (When faced with a mixed petition containing both exhausted and unexhausted claims a federal district court may generally exercise one of three options: (1) dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and

then return to federal court for review of his perfected petition; or (3) allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore **recommends that a certificate of appealability be denied.** A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 25, 2019**.

Dated this 8th day of October, 2019.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10