UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER ALLRED,

        Petitioner,

v.

JEFFREY A. UTTECHT,

        Respondent.

CASE NO. 19-5687 RJB-TLF

ORDER ON REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Theresa L. Fricke. Dkt. 10. The Court has considered the Report and Recommendation, objections, and the remaining file.

In this 28 U.S.C. § 2254 habeas corpus petition, the Petitioner challenges a state court conviction of one count of rape in the second degree, two counts of incest in the first degree, and one count of incest in the second degree and the resulting 240-month sentence. Dkt. 1. The Petitioner filed a direct appeal, *State v. Allred,* 4 Wash.App.2d 1040 (2018), and the Court of Appeals of Washington, Division Two, affirmed the superior court. On October 31, 2018, the

Washington Supreme Court denied his petition for review. *State v. Allred,* 191 Wash.2d 1024 (2018). The mandate issued on November 21, 2018.

On October 8, 2019, the Report and Recommendation was filed, recommending that this petition be denied without prejudice for failing to exhaust state court remedies on any of the claims. Dkt. 10. It also recommends denial of all motions as moot. *Id.*

"State prisoners seeking a writ of habeas corpus from a federal court must first exhaust their remedies in state court. A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014)(*citing* 28 U.S.C. § 2254(b)(1)(A) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 119 S.Ct. 1728 (1999)).

The Report and Recommendation (Dkt. 10) should be adopted. The Petitioner has not fully presented any of his claims to the state courts. The Petitioner has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). This federal habeas action is premature.

Under *Rhines v. Weber*, 544 U.S. 269, 276 (2005), a district court has discretion to stay a petition with both exhausted and unexhausted claims to allow the petitioner time to present his unexhausted claims to state courts. In the Ninth Circuit, a "district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*." *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016). A stay and abeyance under *Rhines* is available when: (1) "the petitioner had good cause for his failure to exhaust," (2) the petitioner's "unexhausted claims are potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, at 278.

Petitioner does not request a stay here. In his objections, the Petitioner maintains that the state courts do not have jurisdiction to decide his claims. Dkt. 11. The Petitioner fails to cite any authority that supports his position. His remaining assertions are without merit and do not provide a basis to reject the Report and Recommendation. Further, there is no showing that a stay, rather than dismissal, is appropriate. There is no showing that the petitioner had good cause for his failure to exhaust. *Rhines*, at 278. Further, it is unclear whether the "unexhausted claims are potentially meritorious." *Rhines*, at 278. While "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics," *Rhines*, at 278, there are no other grounds to stay the case and hold it in abeyance rather than dismissing it without prejudice. All pending motions should be denied as moot.

Moreover, a certificate of appealability should not issue. As stated in the Report and Recommendation, reasonable jurists could not debate whether, or agree that, the petition should have been resolved in a different manner; the issues raised are not adequate to deserve encouragement to proceed further; and jurists of reason would not find it debatable whether the court was correct in its rulings. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A Certificate of Appealability should be denied.

It is **ORDERED** that:

- The Report and Recommendation (Dkt. 10) **IS ADOPTED**;
- This case **IS DISMISSED WITHOUT PREJUDICE**;
- All pending motions **ARE DENIED AS MOOT**, and
- The certificate of appealability **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to Judge Christel, all counsel of record, and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of November, 2019.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge